IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-13-283-C |
| | ) | CIV-16-648-C |
| JOSEPH R. DEGEARE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion seeking relief from a sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). The Court appointed counsel to assist Defendant; counsel filed a Supplement to Defendant's Motion as well as a Reply to Plaintiff's Response.

On December 10, 2003, Defendant was indicted on a single count of felon in possession. Defendant pleaded guilty to the Indictment on January 16, 2014. In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report. That report noted Mr. DeGeare qualified for an enhancement of his sentence pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). Defendant's underlying convictions were (1) forcible sodomy, Logan County Case No. CF-1990-06; (2) two counts of forcible sodomy and one count of lewd molestation of a minor, Oklahoma County Case No. CF-1993-7920; (3) unlawful possession of controlled drugs with intent to distribute, Cleveland County Case No. CF-2002-879. At sentencing, this Court determined that Defendant was subject to the ACCA and sentenced him to 180

months' imprisonment. Defendant now seeks relief from his sentence, arguing that based upon the Supreme Court's decision in Johnson, application of the ACCA to him is improper.

Under the ACCA, a person who violates 18 U.S.C. § 922(g)(1) is subject to an enhanced sentence if he has three or more prior convictions for a "violent felony." § 924(e)(1). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that satisfies one of three clauses. The first is the elements clause: a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Second is the enumerated offense clause: a crime which is a categorical match to the generic offenses of burglary, arson, or extortion. § 924(e)(2)(B)(iii). Third is the residual clause: a crime which involves conduct that presents a serious potential risk of physical injury to another. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court struck the residual clause, finding it was unconstitutionally vague.

Defendant does not challenge his prior conviction for possession of controlled drugs and Plaintiff concedes that neither Defendant's 1990 conviction nor the 1994 conviction for lewd molestation can be used as predicate felonies. Thus, the only prior crimes at issue are the 1994 forcible sodomy convictions.

The Court's review in this matter is governed by the framework described by the Supreme Court in Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), and

Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013). The Court is not to consider the particular facts underlying the conviction, rather the focus is on the elements of the offense, those "things the prosecution must prove to sustain a conviction . . . [or] [a]t a trial . . . what the jury must find beyond a reasonable doubt to convict the defendant." Mathis, 136 S.Ct. at 2248 (internal quotation marks and citation omitted). If the statutory offense encompasses conduct broader than the generic crime, or broader than the required violent force or physical force, "a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." Descamps, 133 S.Ct. at 2283.

In certain circumstances, the Court may employ a modified categorical approach. This approach may be used only when the offense of conviction is "divisible," meaning it has multiple alternative versions of the crime. Descamps, 133 S.Ct. at 2283. If the modified categorical approach applies, it permits the Court to review "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). Notably, a statute is not divisible for purposes of applying the modified categorical approach if the statute lists alternative means of violating a single element, and one of those means would not qualify as an ACCA predicate. Mathis, 136 S.Ct. at 2254-55. This raises the issue of whether the enumerated alternatives are "means" or "elements." Id. While the Supreme Court

3

has never provided a bright line definition or rule regarding what is an "element" as opposed to "means," in Mathis the Supreme Court noted that making the determination will be "easy" when the state's highest criminal court has decided the issue; that is, has the state's highest criminal court determined what specific elements must be determined in order to find the defendant guilty of the statute.

As relevant here, Defendant was convicted under 21 Okla. Stat. § 888. That statute states:

> § 888 Forcible Sodomy
>
> A. Any person who forces another person to engage in the detestable and abominable crime against nature, pursuant to Section 886 of this title, upon conviction, is guilty of a felony punishable by imprisonment in the penitentiary for a period of not more than twenty (20) years. Any person convicted of a second violation of this section, where the victim of the second offense is a person under sixteen (16) years of age, shall not be eligible for probation, suspended or deferred sentence. Any person convicted of a third or subsequent violation of this section, where the victim of the third or subsequent offense is a person under sixteen (16) years of age, shall be punished by imprisonment in the State Penitentiary for a term of life or life without parole, in the discretion of the jury, or in case the jury fail or refuse to fix punishment then the same shall be pronounced by the court.
>
> B. The crime of forcible sodomy shall include:
>
> 1. Sodomy committed by a person over eighteen (18) years of age upon a person under sixteen (16) years of age; or
> 2. Sodomy committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent regardless of the age of the person committing the crime; or
> 3. Sodomy accomplished with any person by means of force, violence, or threats of force or violence accompanied by apparent power of execution regardless of the age of the victim or the person committing the crime.

The Defendant argues that this statute is not divisible, but rather sets out three different methods to commit the offense of forcible sodomy. According to Defendant, subpart (B) does not provide alternative elements but rather provides examples of differing factual means by which the statute may be violated. If Defendant is correct, the statute is not divisible under Descamps, 133 S.Ct. at 2283; Shepard, 544 U.S. at 26. After consideration of the statute and the Supreme Court's reasoning in Descamps and Shepard, the Court finds Oklahoma's forcible sodomy statute is divisible. That is, the statute is comprised of "multiple alternative versions of the crime" of forcible sodomy. Descamps, 133 S.Ct. at 2284-85. This decision is bolstered by the fact that the Oklahoma Court of Criminal Appeals has, through its adoption of uniform jury instructions, established specific sets of instructions to apply to each subparagraph of § 888(B). Defendant's convictions under § 888(B)(3) required the jury to find beyond a reasonable doubt the following elements: (1) penetration, (2) of the mouth/vagina of the defendant/victim, (3) by the mouth/penis of the defendant/victim, and (4) which is accomplished by means of force or violence, or threats of force or violence that are accomplished by the apparent power of execution. See OUJI-CRIM 4-128. Different elements would have to be proven to convict Defendant of one of the other subparagraphs of § 888(B). Therefore, the Court applies the "modified categorical approach."

Under that approach, the Court may examine the underlying documents to determine under which portion of Oklahoma's forcible sodomy law Defendant was

5

convicted. The documents provided by Plaintiff demonstrate Defendant was convicted of violating § 888(B)(3), as he forced the victims to place his penis in their mouths. Defendant asserts that even if the Court reaches this conclusion, his crimes still do not qualify as ACCA predicates as the force necessary to violate § 888 does not require physical force.

As noted above, the elements clause of the ACCA is triggered when the Defendant is convicted of a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" to mean violent force. See Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person."). The Court has little difficulty determining that forcing another person to perform fellatio is force capable of causing physical pain or injury. Indeed, the very language of the subpart of § 888 under which Defendant was convicted, requires the act be accomplished by "means of force or violence, or threats of force or violence . . . ." See OUJI CRIM 4-128.

Applying the modified categorical approach, the Court finds that Defendant was convicted of a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Accordingly,

6

Defendant's convictions for forcible sodomy qualify as crimes of violence under the ACCA, and Johnson does not require vacating his earlier sentence.

Defendant also argues the Court erred in requiring him to register as a sex offender. Defendant notes that this issue is presently pending before the United States Supreme Court and that he mentions it here only to preserve that appeal. Defendant's current Motion was his second § 2255 Motion. Therefore, he was required to obtain a certificate of appealability from the Tenth Circuit before he could proceed. The Order granting the certificate stated: "Accordingly, we grant Joseph R. DeGeare authorization to file a second or successive § 2255 motion in district court to raise a claim based on *Johnson v. United States*." In re Joseph DeGeare, No. 16-6141, p. 2 (10th Cir. June 14, 2016). Because the registration issue is not within the scope of the certificate, the Court lacks jurisdiction to consider the argument.

Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 59) and Defendant's Second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 67) are DENIED.

IT IS SO ORDERED this 2nd day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge